**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID ELIAS, | No. 11-57056 |
| Plaintiff - Appellant, | D.C. No. 8:09-cv-01490-JST-MLG |
| v. | |
| JANET A. NAPOLITANO, in her official capacity as Secretary of Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Josephine Staton Tucker, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

David Elias appeals pro se from the district court's summary judgment in his

disability discrimination action alleging claims under, among other statutes, the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007), and we affirm.

The district court properly granted summary judgment on Elias's claim under the Rehabilitation Act because Elias failed to raise a genuine dispute of material fact as to whether his diabetes constituted a disability or resulted in him being regarded as disabled, and whether he suffered employment discrimination on the basis of a disability. *See Johnson v. Bd. of Trs. of Boundary Cnty. Sch. Dist. No. 101*, 666 F.3d 561, 564 & n.1 (9th Cir. 2011) (expansion of how "disability" is defined under the ADA Amendments Act of 2008 is effective January 1, 2009, and does not apply retroactively); *Walton*, 492 F.3d at 1005-06 (discussing elements of prima facie case of disability discrimination under the Rehabilitation Act, as incorporated from standards of liability under the ADA, as well as the requirements for a "regarded as" claim); *see also Fraser v. Goodale*, 342 F.3d 1032, 1038, 1041-43 (9th Cir. 2003) (explaining that whether a person is disabled under comparable ADA provision is an individualized inquiry, and finding a triable dispute as to whether plaintiff's diabetes was a disability because her treatment regimen substantially limited her in performing a major life activity).

Elias's contentions regarding the alleged admission of "junk science" and

his entitlement to reasonable accommodations are unpersuasive.

**AFFIRMED.**